

Karen E. Keller
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0702
kkeller@shawkeller.com

December 9, 2013

**BY CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Judge
U.S. District Court
844 King Street
Unit 26, Room 6124
Wilmington, DE 19801

      *Re: UCB, Inc. et. al v. Accord Healthcare, Inc. et. al,* C.A. 13-1206-LPS

Dear Judge Stark:

      We represent the defendants in the above-referenced patent infringement litigation arising under the Hatch-Waxman Act. The complaint in this action was filed on July 10, 2013; the answer and counterclaims were filed on August 5, 2013; and the reply was filed on August 26, 2013. There are 15 related Hatch-Waxman actions concerning the same drug and the docket numbers for those actions are listed in Exhibit A to this letter.[1]

      Because this is a Hatch-Waxman action, the filing of the complaint has resulted in an automatic "30-month stay" of approval of the defendants' ANDA application by the FDA unless the case is resolved sooner. In addition, plaintiff UCB, Inc. has filed a citizen's petition with the FDA seeking to extend that stay by 223 days.

      By e-mail to plaintiffs' counsel dated August 12, 2013, defendants requested a Rule 26(f) conference be held. On August 15, plaintiffs declined to hold such a conference at that time. On October 8, 2013, defendants' counsel sent a draft scheduling order and requested a Rule 26(f) conference to discuss the proposals and plaintiffs' counterproposals, but plaintiffs again did not agree to have a conference or respond to the proposed schedule. We again wrote on October 21 and again on October 29 requesting a conference with no success.

      On November 4, 2013, we again wrote to plaintiffs' counsel citing the applicable law requiring that a 26(f) conference be held. On November 8, 2013 plaintiffs' counsel sent a letter to the defendants in this and the 15 other actions concerning the drug lacosamide requesting that all parties agree to consolidate the cases. Writing on behalf of the defendants in all of the cases, defendants agreed to discuss consolidation along with other related issues in a Rule 26(f) conference and again requested that plaintiffs pick a time and date for such a conference to be held within two weeks. In response, on December 5, 2013, plaintiffs' counsel wrote that it would not agree to hold a Rule 26(f) conference. Further telephone communication with Accord

---

[1] Fourteen of the 16 actions were filed on July 10, 2013, one on June 28, 2013, and one on August 26, 2013.

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 2

Healthcare's counsel (Richard G. Greco) and plaintiffs' counsel (Joshua Rothman on December 5, 2013) again resulted in the plaintiffs' refusal to schedule a Rule 26(f) conference.

      Rule 26(f)(1) provides that the parties "must confer as soon as practical." Further, Rule 26(f) imposes a duty on parties to participate in good faith in the framing of a discovery plan by agreement "*upon the request of any party*." Notes of Advisory Committee to 1980 Amendment to Fed. R. Civ. P. 37(g)[2]. Other judges in this District have also made clear that the Federal Rules do not tie commencement of the Rule 26(f) conference to any other event in the litigation. *See Trisport Ltd. v. Greenkeepers of Del. LLC, et al.*, C.A. No. 08-468-GMS, Order (D.I. 11) (D. Del. Jan.13, 2009). In addition, the Hatch-Waxman Act requires that the parties cooperate to expedite litigation. Failure to do so may result in the termination of the 30 month stay. 21 U.S.C. § 355(j)(5)(B)(iii).

      This case is now six months old. Accordingly, we respectfully request that the Court set a date for the Rule 16(a) conference, either for the above-referenced case or all the related cases together or alternatively, order plaintiffs to proceed with the Rule 26(f) conference within a time fixed by the Court to enable the parties to begin substantive work on the litigation until such time as Your Honor is able to conduct the Rule 16 scheduling conference.

      Respectfully submitted,

      */s/ Karen E. Keller*

      Karen E. Keller (No. 4489)

Enclosure

cc: Counsel of Record (by CM/ECF and electronic mail)
    Clerk of the Court (by hand delivery)
    All counsel of record in related actions attached as Exhibit A

---

[2] The text of this rule now appears as Rule 37(f).