IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC. and HARRIS FRC CORPORATION,<br><br>        Plaintiffs,<br><br>  v.<br><br>ACCORD HEALTHCARE, INC. and INTAS PHARMACEUTICALS LTD.,<br><br>        Defendant. | C.A. No. 1:13-cv-1206-LPS |
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC. and HARRIS FRC CORPORATION,<br><br>        Plaintiffs,<br>  v.<br><br>ALEMBIC PHARMACEUTICALS LTD., ALEMBIC LIMITED, and ALEMBIC PHARMA LIMITED,<br><br>        Defendants. | C.A. No. 1:13-cv-1207-LPS |
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC. and HARRIS FRC CORPORATION,<br><br>        Plaintiffs,<br><br>  v.<br><br>AMNEAL PHARMACEUTICALS, LLC and AMNEAL PHARMACEUTICALS OF NEW YORK, LLC,<br><br>        Defendants. | C.A. No. 1:13-cv-1208-LPS |

| | |
|---|---|
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC. and HARRIS FRC CORPORATION,<br><br>              Plaintiffs,<br><br>v.<br><br>APOTEX CORP. and APOTEX INC.,<br><br>              Defendants. | C.A. No. 1:13-CV-1209-LPS |
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC., and HARRIS FRC CORPORATION,<br><br>              Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA LTD. and AUROBINDO PHARMA USA, INC.,<br><br>              Defendants. | C.A. No. 1:13-cv-1210-LPS |
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC. and HARRIS FRC CORPORATION,<br><br>              Plaintiffs,<br>v.<br><br>BRECKENRIDGE PHARMACEUTICAL, INC. and VENNOOT PHARMACEUTICALS, LLC,<br><br>              Defendants. | C.A. No. 1:13-cv-1211-LPS |

| | |
|---|---|
| UCB, INC., et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>GLENMARK GENERICS INC., USA, et al.,<br><br>   Defendants. | C.A. No. 1:13-cv-1212-LPS |
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC. and HARRIS FRC CORPORATION,<br><br>   Plaintiffs,<br><br> v.<br><br>HETERO USA INC. and HETERO LABS LIMITED,<br><br>   Defendants. | C.A. No. 1:13-cv-1213-LPS |
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC. and HARRIS FRC CORPORATION,<br><br>   Plaintiffs,<br><br> v.<br><br>MYLAN PHARMACEUTICALS INC. and MYLAN INC.<br><br>   Defendants. | C.A. No. 1:13-cv-1214-LPS |

| | |
|---|---|
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC. and HARRIS FRC CORPORATION,<br><br>        Plaintiffs,<br><br>   v.<br><br>RANBAXY LABORATORIES, LTD., RANBAXY PHARMACEUTICALS, INC., and RANBAXY INC.<br><br>        Defendants. | C.A. No. 1:13-cv-1215-LPS |
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC. and HARRIS FRC CORPORATION,<br><br>        Plaintiffs,<br><br>   v.<br><br>SANDOZ, INC.,<br><br>        Defendant. | C.A. No. 1:13-cv-1216-LPS |
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC. and HARRIS FRC CORPORATION,<br><br>        Plaintiffs,<br><br>   v.<br><br>SUN PHARMA GLOBAL FZE, and SUN PHARMACEUTICAL INDUSTRIES, LTD.,<br><br>        Defendants. | C.A. No. 1:13-cv-1218-LPS |

| | |
|---|---|
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC. and HARRIS FRC CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>WATSON LABORATORIES, INC. – FLORIDA, WATSON PHARMA, INC., and ACTAVIS, INC.,<br><br>Defendants. | C.A. No. 1:13-cv-1219-LPS |
| UCB, INC., UCB PHARMA GMBH, RESEARCH CORPORATION TECHNOLOGIES, INC. and HARRIS FRC CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LTD. dba ZYDUS CADILA.,<br><br>Defendants. | C.A. No. 1:13-cv-1220-LPS |

## SCHEDULING ORDER [PATENT]

This 7th day of February, 2014 the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on January 28, 2014, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Consolidation.</u>

These actions are consolidated for all purposes and all papers shall be filed in Civil Action No. 1:13-cv-1206-LPS.

2. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

3. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties shall be filed on or before August 26, 2014. All motions to amend or supplement the pleadings shall be filed on or before [~~Plaintiffs' proposal:~~ August 26, 2014;[1] ~~Defendants' proposal: December 18, 2014~~].[2]

4. <u>Discovery.</u> Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Discovery Cut Off.</u> All discovery in this case shall be initiated so that it will be completed on or before January 15, 2015.

---

[1] Plaintiffs propose a deadline of August 26, 2014 for moving to amend the pleadings in order to ensure the Plaintiffs have adequate time to obtain additional fact discovery to respond to those allegations, should the motion be granted.

[2] Defendants propose a deadline of December 18, 2014 (four weeks before the close of fact discovery) for amending the pleadings in order to ensure sufficient discovery for evaluating additional claims and defenses, such as inequitable conduct.

b. <u>Document Production.</u>

Document production shall be substantially complete by August 12, 2014. In the absence of agreement among the parties or by order of the court, no deposition shall be scheduled prior to this date.

c. <u>Requests for Admission.</u>

The Defendants, collectively, may serve up to forty (40) joint requests for admission on Plaintiffs. Additionally, each Defendant Group[3] may individually serve up to five (5) requests for admission on Plaintiffs. Plaintiffs, collectively, may serve up to twenty (20) requests for admission on each Defendant Group. Any party may exceed these limitations by agreement of the parties and/or with prior leave of Court. These limitations do not apply to requests for admission related to the authentication of documents.

d. <u>Interrogatories.</u>

The Defendants may serve up to fifteen (15) joint interrogatories on Plaintiffs. Additionally, each Defendant Group may individually serve up to five (5) interrogatories on Plaintiffs. Plaintiffs may serve up to fifteen (15) joint interrogatories on Defendants. Additionally, Plaintiffs may serve up to five (5) individual interrogatories on each Defendant Group. Any party may exceed these limitations by agreement of the parties and/or with prior leave of Court.

i. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.

---

[3] "Defendant Group" means the defendant or defendants in a single (pre-consolidation) action.

The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

  e. <u>Depositions.</u>

    i. <u>Limitation on Hours for Deposition Discovery.</u>
Plaintiffs, collectively, are limited to a total of 140 hours of taking testimony by fact deposition upon oral examination. Defendants are limited to a total of 70 hours of taking testimony by fact deposition upon oral examination. These limitations do not apply to third-party depositions.
No deposition shall exceed seven (7) hours, except that the deposition of any Inventor may last up to fourteen (14) hours. The time limitations will be doubled for any foreign witness requiring an interpreter.

    ii. <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  f. <u>Disclosure of Expert Testimony.</u>

    i. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before March 4, 2015. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 4, 2015. Reply expert reports from the party with the initial burden of proof are due on or before June 1, 2015. Reply expert reports may respond to any new arguments raised in rebuttal expert reports. No other

expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery will close on July 16, 2015.

        ii. <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than July 23, 2015, unless otherwise ordered by the Court.

    g. <u>Discovery Matters and Disputes Relating to Protective Orders.</u> Should counsel find they are unable to resolve a <u>discovery</u> matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

5.  Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on or before February 21, 2014. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(g) above.

Any proposed protective order must include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6.  Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

7.  Courtesy Copies. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs

(i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

9. Interim Status Report. On September 29, 2014, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

10. Tutorial Describing the Technology and Matters in Issue. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

11. Claim Construction Issue Identification. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on September 2, 2014, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and

confer to prepare a Joint Claim Construction Chart to be submitted on September 30, 2014. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction Briefing.</u> The parties shall contemporaneously submit initial briefs on claim construction issues on October 28, 2014. The parties' answering/responsive briefs shall be contemporaneously submitted on November 24, 2014. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

13. <u>Hearing on Claim Construction.</u> Beginning at 10 a.m. on December 15, 2014, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

14. <u>Case Dispositive Motions.</u>

There will be no case dispositive motions without leave of the Court.

15. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16.     Pretrial Conference. On October 22, 2015, the Court will hold a pretrial conference in Court with counsel beginning at 10 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before Plaintiffs: October 12, 2015. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

17.     Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Plaintiffs collectively and defendants collectively shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed

- 13 -

- 14 -

voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

19. <u>Trial.</u> This matter is scheduled for a 5-day bench trial beginning at 9:30 a.m. on November 9, 2015, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE